17 So.2d 404

**MODERN FREE AND ACCEPTED COLORED MASONS OF THE WORLD, Inc., v. PRESTON.**

**7 Div. 778.**

Supreme Court of Alabama.

March 23, 1944.

Joe Brown, of Gadsden, for appellant.

404

Roy D. McCord, of Gadsden, for appellee.

BOULDIN, Justice.

Action to recover death benefit claimed to be due under a Certificate of Life Insurance issued by a Fraternal Benefit Association.

Among the questions raised below and presented here is one of venue.

■ The defendant was "Modern Free and Accepted Colored Masons of the World, Inc., a Corporation." It functioned through a Lodge System,—a Supreme Grand Lodge, State Grand Lodges, and Subordinate or Local Lodges. The headquarters was at Phenix City, Russell County, Alabama. The insured was a member of a Local Lodge in Etowah County, Alabama. The suit was brought in Etowah. The set-up, as shown by the constitution and the course of business disclosed by the evidence, was in substance this: Local Lodges were chartered by the Order through the Supreme Grand Lodge; members of the Local Lodge were members of Order; the Supreme Grand Lodge issued the benefit certificates to members of the Local Lodge; officers of the Local Lodge collected and remitted the monthly dues or premiums to carry the insurance of the members; officers of the Supreme Grand Lodge adjusted and paid death benefits accruing under the policies to beneficiaries named; the order furnished burial service and conducted burials of deceased members of the Local Lodges. Quite clearly the Order was engaged in business, exercising its corporate functions, in Etowah County, and was properly sued in that county.

■ The summons directed to any sheriff of the State of Alabama, and executed by the Sheriff of Russell County by handing a copy of summons and complaint to the Supreme Grand Master, naming him, as agent, was a lawful service.

■ Another question raised was alleged variance between averment and proof.

This contention is based on the form of the Benefit Certificate issued to the member, McKinley Preston. In pertinent part, it reads: "The Supreme Grand Lodge of the Modern Free and Accepted Colored Masons of the World hereby agree to donate whatever amount may be matured on the face of this certificate should member die in good standing in all departments."

It is contended this is the contractual obligation of the Supreme Grand Lodge, not that of the Order.

The Supreme Grand Lodge had no separate existence as a legal entity. It was the managing agency through which the Order functioned. The reserve, or so-called Endowment or Benevolent Fund to be set up by the Supreme Grand Lodge for the payment of death claims was the fund of the Order, so indicated on pages 10 and 11 of the constitution. It seems clear enough the insurer, the obligor, was the legal entity, the corporation, sued, and there was no fatal variance.

■ The substantial issue of fact was whether the deceased member was delinquent in payment of one or more monthly dues of seventy-five cents each.

The policy, by its terms, was not subject to forfeiture in toto by nonpayment of

one month's dues. If delinquent for one month, the death benefit was reduced one-third, from $300 to $200; if delinquent for two months, reduced another third; and if delinquent for three months, became void. There was conflict in the evidence as to whether the monthly dues were fully paid. Plaintiff, the beneficiary, claims to have paid dues for several months prior to and up to the death of the member, who was sick. True, she admits these payments were made to the Grand Master of the Local Lodge instead of the Secretary, the proper officer to receive payment; but the Grand Master deposes to paying over to the Secretary the several sums paid to him. There is no question that the Secretary of the Local Lodge was the authorized agent of the insurer to receive and remit the dues.

The Order furnished the casket and hearse for burial of the member. This was a proper set-off, duly pleaded. The value of same was for the jury under the evidence. The verdict, $209.12, instead of $300, with interest, may be treated as reflecting the allowances found by the jury as a set-off. The bill of exceptions does not purport to set out all the evidence.

If there was error in the court's oral instruction to the effect that the evidence did not disclose the value of the services in furnishing the hearse, there was no exception thereto. Both parties announced satisfied with the oral charge. Error, if any, in this regard, could not be raised for the first time on motion for new trial.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.